IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) **Civil Action No.:** _____ |
| v. | ) ) ) |
| TOMMY BRADLEY WELCH d/b/a TBW CATTLE, | ) ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**

Plaintiff United States of America, on behalf of the Secretary of the United States Department of Agriculture ("Secretary" or "USDA"), brings this civil action for the recovery of forfeitures against Defendant Tommy Bradley Welch, doing business as TBW Cattle, for violations of the Packers and Stockyards Act of 1921, as amended and supplemented, 7 U.S.C. §§ 181 *et seq*. (hereinafter the "Act" or the "P&SA"), and alleges as follows:

**PARTIES**

1. The Plaintiff is the United States of America, bringing this action on behalf of the Secretary of Agriculture in his official capacity.

2. Defendant Tommy Bradley Welch d/b/a TBW Cattle (hereinafter "Defendant" or "Welch") is an individual who resides in Sophia, Randolph County, North Carolina, within the jurisdiction of this Court. Welch is an individual engaged in the

business of a livestock dealer, buying and selling livestock for his own account, and as a market agency by buying livestock on commission, as defined by the P&SA (7 U.S.C. § 201).

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, because this action arises under the laws of the United States, and pursuant to 28 U.S.C. § 1345, because this action has been commenced by the United States. In addition, the P&SA empowers the Attorney General of the United States to initiate appropriate proceedings under the Act to be commenced and prosecuted in the proper courts of the United States. See 7 U.S.C. § 224.[1]

4. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF CLAIM

### Background of the Packers and Stockyards Act

5. The P&SA regulates the conduct of packers, swine dealers, live poultry dealers, stockyard owners, market agencies, and dealers, imposing certain affirmative requirements on these entities and proscribing certain conduct by them. See 7 U.S.C. §§ 181 et seq. The Grain Inspection Packers and Stockyards Administration ("GIPSA") of the

---

[1] "The Secretary may report any violation of this chapter to the Attorney General of the United States, who shall cause appropriate proceedings to be commenced and prosecuted in the proper courts of the United States without delay." 7 U.S.C. § 224.

United States Department of Agriculture ("USDA") is responsible for administering and enforcing the Act and investigating unfair and anti-competitive practices by these entities. The Agricultural Marketing Service, Fair Trade Practices Program, Packers and Stockyards Division is responsible for investigating unfair practices, including a violation of a Decision and Order to cease and desist from engaging in operations subject to the Act without paying timely for each and every livestock transaction and purchase from seller of livestock.

6. Section 201 of the Act defines a "market agency" as "any person engaged in the business of . . . buying or selling in commerce livestock on a commission basis . . ." and a "dealer" as "any person . . . engaged in the business of buying or selling in commerce livestock, either on his own account or as the employee or agent of the vendor or purchaser." 7 U.S.C. §§ 201(c) and (d).

7. Persons operating subject to the Act as livestock dealers or market agencies must register with USDA. 7 U.S.C. § 203; see also 9 C.F.R. § 201.10.

8. Dealers and market agencies are required to make prompt payment for purchase of livestock. Title 7 U.S.C. § 228b entitled "**Prompt payment for purchase of livestock**" provides:

> **(a) Full amount of purchase price required; method of payment**
>
> Each packer, market agency, or dealer purchasing livestock shall, before the close of the next business day following the purchase of livestock and transfer of possession thereof, deliver to the seller or his duly authorized representative the full amount of the purchase price . . .
>
> **(b) Waiver of prompt payment by written agreement; disclosure requirements**

> Notwithstanding the provisions of subsection (a) of this section and subject to such terms and conditions as the Secretary may prescribe, the parties to the purchase and sale of livestock may expressly agree in writing, before such purchase or sale, to effect payment in a manner other than that required in subsection (a). Any such agreement shall be disclosed in the records of any market agency or dealer selling livestock, and in the purchaser's records and on the accounts or other documents issued by the purchaser relating to the transaction.
>
> **(c) Delay in payment or attempt to delay deemed unfair practice**
>
> Any delay or attempt to delay by a market agency, dealer, or packer purchasing livestock, the collection of funds as herein provided, or otherwise for the purpose of or resulting in extending the normal period of payment for such livestock shall be considered an "unfair practice" in violation of this chapter. Nothing in this section shall be deemed to limit the meaning of the term "unfair practice" as used in this chapter.

Title 7 U.S.C. § 228b (also known as Section 409(a) of the P&SA).

9. Under the Act, the Secretary of USDA has administrative enforcement authority for certain provisions of the Act. See 7 U.S.C. §§ 211-213. Section 204 authorizes the Secretary to "issue an order suspending [a dealer or market agency] for a reasonable specified period" if, after due notice and hearing, "the Secretary finds any registrant . . . has violated any provisions of the Packers and Stockyards Act[.]" 7 U.S.C. § 204.

10. If a dealer or market agency fails to obey an order of the Secretary, the Act provides for an action in the name of the United States for the recovery of forfeitures for each offense in a sum governed by the statute and its implementing regulations as follows:

> (a) Any stockyard owner, market agency, or dealer who knowingly fails to obey any order made under the provisions of sections 310, 311, or 312 of this Act shall forfeit to the United States the sum of [$1,913 or $1,996][2] for

---

[2] Pursuant to the Packers and Stockyards Act, 7 CFR § 3.91(a)(1), the Secretary of the USDA will adjust the civil monetary penalties, to take into account inflation as mandated

each offense. Each distinct violation shall be a separate offense, and in case of a continuing violation each day shall be deemed a separate offense. Such forfeiture shall be recoverable in a civil suit in the name of the United States.

(b)     It shall be the duty of the various United States attorneys, under the direction of the Attorney General, to prosecute for the recovery of forfeitures. The costs and expense of such prosecution shall be paid out of the appropriation for the expenses of the courts of the United States.

7 U.S.C. § 215.

11.     The Act also provides that "[t]he Secretary may report any violation of this Act to the Attorney General of the United States, who shall cause appropriate proceedings to be commenced and prosecuted in the proper courts of the United States without delay." 7 U.S.C. § 224.

## Factual Background Concerning Tommy Bradly Welch and Past Orders and Penalties Assessed Against Him

12.     Defendant Welch has engaged in the business of a dealer, buying and selling livestock on his own account, and as a market agency by buying livestock on commission. Consequently, Defendant Welch is a "market agency" or "dealer" under the Act and is subject to, *inter alia*, the requirements of the Act and its implementing regulations with respect to adhering to Orders requiring him to cease and desist from making untimely payment for purchases. 7 U.S.C. § 228(b); see also 7 U.S.C. §§ 203-204.

---

by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, as amended. As relevant to this case, effective 3/14/2018 to 6/16/2020 the maximum penalty for each offense was **$1,913.00 (7 CFR § 3.91(b)(1)(lx) Adjusted civil monetary penalties effective March 14, 2018 to June 16, 2020)** and during the period 6/17/2020 through 5/9/2021 the maximum penalty per offence was **$1,996.00 (7 CFR § 3.91(b)(1)(lx) Adjusted civil monetary penalties effective June 17, 2020 to May 9, 2021)**.

5

13. On June 18, 2012, Welch entered into a Civil Penalty Stipulation Agreement with the USDA, agreeing to pay the sum of $3,000 in full settlement after being advised of his right to a hearing in the matter and waiving the same. The stipulation agreement resulted from violations for Failure to Pay When Due in violation of Title 7 U.S.C. § 228b (also known as Section 409(a) of the P&SA) for violations occurring during the period of August – December 2011.

14. On June 23, 2016, a Consent Decision was entered pursuant to the consent decision provision of the Rules of Practice Governing Formal Adjudicatory Proceedings Instituted by the Secretary Under Various Statutes (7 C.F.R. § 1.130 et seq.) ("Rules of Practice") following a Complaint filed on May 2, 2016 by the Deputy Administrator of the Grain Inspection, Packers and Stockyards Administration (GIPSA) of the USDA alleging Thomas B. Welch d/b/a TBW Cattle willfully violated the Act. Welch waived oral hearing and further procedure and agreed to the entry of the Consent Decision. Welch was ordered to cease and desist from failing to pay, when due, the full purchase price of livestock and from engaging in business in any capacity for which registration is required under the Act without first registering with the Secretary of Agriculture. Pursuant to Section 303 of the Act, Welch was prohibited from engaging in business subject to the Act without being registered with the Secretary of Agriculture. (7 U.S.C. § 203; see also 9 C.F.R. § 201.10). Welch agreed to submit an application for registration with the Secretary with his payment of the civil penalty in the amount of $10,000.00 pursuant to section 312(b) of the Act (7 U.S.C. § 213(b)). Welch paid the $10,000.00 penalty on June 10, 2016.

15. Welch engaged in the business of a dealer between October 2016 and March 2017 and purchased from four (4) livestock sellers $3,023,887.98 worth of livestock in thirty-eight (38) transactions and failed to pay, when due, the full purchase price of such livestock within the time period required by the Act and the regulations promulgated thereunder. Welch further issued a check for 169 head of livestock in the amount of $93,462.83 without sufficient funds in his bank account to pay for that check.

16. The Agency brought a proceeding under the Packers and Stockyards Act against Welch d/b/a TBW Cattle as Respondent, on March 5, 2019, claiming Welch was operating in violation of section 312(a) of the Act, section 409(a) of the Act, and section 201.43(b)(2)(ii) of the regulations promulgated thereunder (9 C.F.R. § 201.43(b)(2)(ii)), between October 2016 and March 2017. The case was assigned P&S Docket D-19-J-0054. Welch was duly served with a copy of the Complaint on or about March 25, 2019, and he did not file an answer within the twenty-day period prescribed by section 1.136 of the Rules of Practice (7 C.F.R. § 1.136). On May 8, 2019, the Administrative Law Judge issued an order directing the parties to show cause not later than twenty days after that date, why default should not be entered against Welch. Welch was served with the Agency's Motion for Default on or about June 4, 2019. Welch failed to respond to the show cause order and did not file any response or objections to the Agency's Motion for Default or Proposed Decision. Failure to file a timely answer or failure to deny or otherwise respond to allegations in the Complaint shall be deemed, for purposes of the proceeding, an admission of the allegations in the Complaint. A Decision and Order without Hearing by Reason of

7

Default was issued June 25, 2019, wherein Welch was found to have willfully violated section 312(a) of the Act (7 U.S.C. § 213(a)), section 409(a) of the Act (7 U.S.C. § 228(b)), and section 201.43(b)(2)(ii) of the regulations promulgated thereunder. The Decision and Order was entered by Channing D. Strother, Chief Administrative Law Judge, ordering that Tommy Bradley Welch d/b/a/ TBW Cattle, in connection with operations subject to the Packers and Stockyards Act, shall cease and desist from engaging in operations subject to the Act without paying timely for each and every livestock transaction and purchase from sellers of livestock, and shall cease and desist from issuing checks without sufficient funds to pay those checks. Welch was assessed a civil penalty of $39,000.00, which remains unpaid. Welch was served with the Default Decision and Order by certified mail return receipt requested. The Default Decision was returned unclaimed on August 12, 2019, and was thereafter served via regular mail on August 20, 2019.[3]

17.   On April 29, 2020, Agent Erica R. Nelson, Auditor, USDA, contacted Defendant Welch d/b/a TBW Livestock in order to conduct a follow up investigation regarding the Decision and Order issued by Chief Administrative Law Judge Channing Strother that ordered Welch to cease and desist from engaging in operations subject to the Act without paying timely for each and every livestock transaction and purchase from sellers of livestock, and that assessed a civil penalty as granted on June 25, 2019.

---

[3] Pursuant to 7 C.F.R. section 1.147(c) of the administrative rules of practice, "if any such document or paper is sent by certified or registered mail but is returned marked by the postal service as unclaimed or refused, it shall be deemed to be received by such party on the date of remailing by ordinary mail to the same address."

## Facts Related to and in Support of Recovery of Forfeitures for Offenses Currently Before the Court

18. Carolina Stockyards Co. is a cattle and hog livestock dealer that was selling livestock in Siler City, North Carolina between May 1, 2020 and July 17, 2020. Tommy Bradley Welch d/b/a TBW Cattle purchased and sold cattle nearly every week during the time period of May 1, 2020 through July 17, 2020 at Carolina Stockyards Co.'s livestock auctions held on Mondays and Fridays. Welch normally hand delivered his check to Carolina Stockyards Co. for payment of his livestock purchases. Carolina Stockyards Co. made daily bank deposits as payments were received from customers. Welch did not hand deliver payment for livestock purchases by the close of the next business day as he was required to do as set forth hereinafter in the chart below. Carolina Stockyards Co. did not have any written credit agreements with Welch during the time period of May 1, 2020 through July 17, 2020.

**Carolina Stockyards Co. Transactions**

| Purchase Date | Amount | Check No. | Check Date | Date Received | Deposit Date | Days Late |
|---|---|---|---|---|---|---|
| 5/1/2020 | $29,754.70 | 3181 | 5/4/2020 | 5/12/2020 | 5/12/2020 | 8 |
| 5/8/2020 | $33,611.15 | 3189 | 5/11/2020 | 5/19/2020 | 5/19/2020 | 8 |
| 5/15/2020 | $16,491.10 | 3192 | 5/18/2020 | 5/25/2020 | 5/26/2020 | 7 |
| 5/22/2020 | $30,643.20 | 3197 | 5/25/2020 | 6/2/2020 | 6/2/2020 | 7 |
| 5/29/2020 | $42,330.50 | 3207 | 6/1/2020 | 6/9/2020 | 6/9/2020 | 8 |
| 6/5/2020 | $26,565.85 | 3211 | 6/8/2020 | 6/16/2020 | 6/16/2020 | 8 |
| 6/12/2020 | $27,718.75 | 3215 | 6/15/2020 | 6/23/2020 | 6/23/2020 | 8 |
| 6/19/2020 | $8,347.25 | 3231 | 6/22/2020 | 6/30/2020 | 6/30/2020 | 8 |
| 6/26/2020 | $9,429.40 | 3237 | 7/9/2020 | 7/13/2020 | 7/13/2020 | 14 |
| 7/10/2020 | $3,358.65 | 3241 | 7/13/2020 | 7/17/2020 | 7/17/2020 | 4 |
| 7/17/2020 | $25,584.75 | 3246 | 7/13/2020 | 7/28/2020 | 7/28/2020 | 8 |

19. Marcus John Harward, Inc. d/b/a Stanly County Livestock Market in Norwood, NC is a livestock market that was selling livestock between May 1, 2020 and July 17, 2020. Tommy Bradley Welch d/b/a TBW Cattle purchased cattle nearly every week during the time period of May 1, 2020 through July 17, 2020 at Stanly County Livestock Market's livestock auctions held on Wednesdays. Welch mailed and hand delivered his checks to Stanly County Livestock Market for payment of his livestock purchases. Stanly County Livestock Market usually made daily bank deposits as payments were received from customers. At the latest, bank deposits were made the next day after receiving payments from cattle buyers like Welch. Welch did not make payment for his livestock purchases by the close of the next business day as he was required to do as set forth hereinafter in the chart below. Marcus John Harward, Inc. d/b/a Stanly County Livestock Market did not have any written credit agreements with Welch during the time period of May 1, 2020 through July 17, 2020.

**Marcus John Harward, Inc. d/b/a Stanly County Livestock Market Transactions**

| Purchase Date | Amount | Check No. | Check Date | Date Received | Deposit Date | Days Late |
|---|---|---|---|---|---|---|
| 5/6/2020 | $63,137.11 | 3187 | 5/7/2020 | 5/20/2020 | 5/20/2020 | 13 |
| 5/13/2020 | $35,198.66 | 3190 | 5/7/2020 | 5/22/2020 | 5/26/2020 | 8 |
| 5/20/2020 | $18,394.16 | 3195 | 5/21/2020 | 5/27/2020 | 5/29/2020 | 6 |
| 5/27/2020 | $56,023.50 | 3205 | 5/28/2020 | 6/10/2020 | 6/12/2020 | 13 |
| 6/10/2020 | $32,988.00 | 3213 | 6/11/2020 | 6/17/2020 | 6/22/2020 | 6 |
| 6/17/2020 | $34,754.06 | 3229 | 6/18/2020 | 7/8/2020 | 7/13/2020 | 20 |
| 6/24/2020 | $39,019.72 | 3235 | 7/9/2020 | 7/15/2020 | 7/17/2020 | 20 |
| 7/8/2020 | $35,133.89 | 3239 | 7/9/2020 | 7/15/2020 | 7/17/2020 | 6 |
| 7/15/2020 | $62,800.16 | 3244 | 7/13/2020 | 7/29/2020 | 7/31/2020 | 13 |

20. Powell Livestock, Inc., Smithfield, North Carolina is a livestock market that was selling livestock between May 1, 2020 and July 17, 2020. Tommy Bradley Welch d/b/a TBW Cattle purchased cattle nearly every week during the time period of May 1, 2020 through July 17, 2020 at Powell Livestock, Inc.'s livestock auctions held on Thursdays. Welch mailed and hand delivered his checks to Powell Livestock, Inc. for payment of his livestock purchases. Powell Livestock, Inc. made daily bank deposits as payments were received from customers. Welch did not make payment for his livestock purchases by the close of the next business day as he was required to do as set forth hereinafter in the chart below. Powell Livestock, Inc. did not have any written credit agreements with Welch during the time period of May 1, 2020 through July 17, 2020.

**Powell Livestock, Inc. Transactions**

| Purchase Date | Amount | Check No. | Check Date | Date Received | Deposit Date | Days Late |
|---|---|---|---|---|---|---|
| 5/7/2020 | $41,833.72 | 3188 | 5/7/2020 | 5/19/2020 | 5/20/2020 | 11 |
| 5/14/2020 | $20,039.08 | 3191 | 5/14/2020 | 5/29/2020 | 6/1/2020 | 14 |
| 5/21/2020 | $9,779.64 | 3196 | 5/22/2020 | 6/1/2020 | 6/2/2020 | 10 |
| 5/28/2020 | $28,559.22 | 3206 | 5/28/2020 | 6/8/2020 | 6/9/2020 | 10 |
| 6/4/2020 | $39,728.32 | 3210 | 6/4/2020 | 6/16/2020 | 6/17/2020 | 11 |
| 6/11/2020 | $32,536.74 | 3214 | 6/11/2020 | 6/23/2020 | 6/24/2020 | 11 |
| 6/18/2020 | $12,495.18 | 3230 | 6/16/2020 | 6/29/2020 | 6/30/2020 | 10 |
| 6/25/2020 | $13,367.62 | 3236 | 7/9/2020 | 7/10/2020 | 7/13/2020 | 14 |
| 7/9/2020 | $20,376.48 | 3240 | 7/9/2020 | 7/21/2020 | 7/22/2020 | 11 |
| 7/16/2020 | $17,211.58 | 3245 | 7/13/2020 | 7/27/2020 | 7/28/2020 | 10 |

21. On August 17, 2020, Welch provided records to USDA Resident Agent Crystal Akins. USDA agents determined that on certain occasions, Welch was paying late

for his livestock purchases. The checks received by Carolina Stockyards Company, Inc., Marcus John Harward, Inc. d/b/a Stanly County Livestock Market, and Powell Livestock, Inc. were 4-20 days late on 30 transactions totaling $867,212.14 from May 1, 2020 to July 17, 2020 as set forth in the tables above and as shown on the combined in the table attached hereto as Exhibit A.

## COUNT ONE

22.     The United States re-alleges and incorporates by reference Paragraphs 1-21 of the Complaint set out above as if fully set forth herein.

23.     Defendant Welch violated and is violating the Act and its implementing regulations by failing to pay timely for purchases, as required by 7 U.S.C. § 228(b).

24.     Defendant Welch continued to operate in violation of the Packers and Stockyards Act, by issuing late payments for livestock on thirty transactions totaling $867,212.14 for the period of May 1, 2020, to July 17, 2020 and did so in violation of the cease and desist orders previously entered against him.

25.     Section 314 of the Act (7 U.S.C. § 215) and its implementing regulations provide that if a livestock dealer fails to obey the order of the Secretary of Agriculture, a forfeiture of between $1,913.00 and $1,996.00[4] for each offense is recoverable in a civil

---

[4] Pursuant to the Packers and Stockyards Act, 7 CFR § 3.91(a)(1), the Secretary of the USDA will adjust the civil monetary penalties, to take into account inflation as mandated by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, as amended. Effective 3/14/2018 to 6/16/2020 the maximum penalty for each offense was **$1,913.00 (7 CFR § 3.91(b)(1)(lx) Adjusted civil monetary penalties effective March 14, 2018 to June 16, 2020)** and during the period 6/17/2020 through 5/9/2021 the

12

Case 1:24-cv-01028    Document 1    Filed 12/06/24    Page 12 of 14

suit in the name of the United States. During the time period May 1, 2020 until June 16, 2020, there were 18 transactions where the sum of $1,913 was incurred per offense for a total of $34,434.00. During the time period June 17, 2020 until July 27, 2020, there were 12 transactions where the sum of $1,996.00 was incurred per offense for a total of $23,952. The United States requests a judgement for the recovery of forfeitures for these 30 offenses in the total amount of $58,386.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, prays:

1. That the Court issue an Order declaring that Defendant Welch, in acting as a livestock dealer, is subject to the Act and has violated the Act and the regulations promulgated thereunder by failing to obey an order made under the provisions of sections 211, 212, or 213 of the Act;

2. That the Court issue judgment in favor of the United States and against the Defendant on the violations of the P&SA set forth in the complaint;

3. That the Court order Defendant to pay the sum of $58,386 for violations for the 30 offenses as set forth in the complaint;

4. That Defendant pay the costs of this proceeding; and

5. That the United States be awarded any further relief the Court deems just and proper.

---

maximum penalty per offence was **$1,996.00 (7 CFR § 3.91(b)(1)(lx) Adjusted civil monetary penalties effective June 17, 2020 to May 9, 2021)**.

Dated: December 6, 2024

                Respectfully submitted,

                SANDRA J. HAIRSTON
                United States Attorney

                <u>/s/ Joan B. Childs</u>
                Assistant United States Attorney
                NCSB # 18100
                Attorney for Plaintiff
                United States Attorney's Office
                101 S. Edgeworth St., 4th Floor
                Greensboro, North Carolina 27401
                Telephone: (336) 333-5351
                Email: joan.childs@usdoj.gov