IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV1028 |
| | ) | |
| TOMMY BRADLEY WELCH | ) | |
| d/b/a TBW CATTLE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

In this action, Plaintiff United States of America (the "United States") seeks forfeiture of civil penalties for alleged violations of the Packers and Stockyards Act, 7 U.S.C. § 181 et seq. Before the court is the United States' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 7.) Defendant Tommy Bradley Welch d/b/a TBW Cattle ("Welch") has not filed a response and has been warned that failure to respond may result in an adverse decision without hearing. (Doc. 9.) For the reasons set forth below, the motion will be granted.

I.  BACKGROUND

Construed in the light most favorable to Welch as the non-moving party, the undisputed facts in the record show the following:

From May 1, 2020, through July 17, 2020, Welch was engaged in the buying and selling of livestock. (Doc. 8-4 at 4, ¶ 3.) On June 23, 2016, he entered into a Consent Decision and Order (the "2016 Order") with the United States Department of Agriculture ("USDA") before the Secretary of Agriculture, wherein he admitted the jurisdictional allegations and that the Secretary of Agriculture had jurisdiction over the matter. (Doc. 8-2.) The 2016 Order found that Welch, while not registered as a "dealer" under the Packers and Stockyards Act, was nevertheless operating subject to its provisions. (Id. at 2.) Welch was ordered to cease and desist from failing to pay, when due, the full purchase price of livestock, to pay a $10,000 civil penalty, and to apply for registration with the Secretary of Agriculture. (Id. at 2-3.) Welch subsequently paid the $10,000 civil penalty and registered as a dealer with the Secretary of Agriculture. (See id. at 6; Doc. 8-3 at 3.)

On June 25, 2019, a default decision and order (the "2019 Order") was entered in favor of the USDA against Welch before the Secretary of Agriculture. (Doc. 8-3). The 2019 Order again ordered Welch to cease and desist from failing to pay, when due, the full purchase price of livestock, and to pay a $39,000 civil penalty.[1] (Doc. 8-3 at 4-5.) Welch was served with a copy of

---

[1] The United States alleges that the $39,000 civil penalty remains unpaid. (Doc. 1 at 8, ¶ 16.) However, it does not offer evidence of this fact

2

the 2019 Order in August 2019.  (Doc. 8-4 at 6, ¶ 16).

On December 6, 2024, the United States filed its complaint in the present action.  (Doc. 1.)  The complaint alleges that between May 1, 2020, and July 17, 2020, Welch issued late payments for livestock in 30 transactions totaling $867,212.14, in violation of 7 U.S.C. § 228(b) and the previous cease and desist orders entered against him.  (Id. at 12, ¶¶ 23-24.)  The United States seeks a judgment for the recovery of forfeitures in the total amount of $58,386 pursuant to 7 U.S.C. § 215.  (Id. at 12-13, ¶ 25.)

Welch, proceeding pro se, responded with an undated letter postmarked January 6, 2025, which was filed as his answer to the complaint on January 10, 2025.  (Doc. 4; see Doc. 4-1.)  On January 31, 2025, the United States served Welch with requests for admissions via certified mail.  (Doc. 8-4 at 3-18, ¶¶ 1-29.)  Service was accepted by Vicki Welch at Welch's address of record on February 6, 2025.  (See id. at 1-2, ¶¶ 3-4.)  Welch did not timely serve the United States with a response to the requests for admissions (id. at 2, ¶ 5), which are therefore deemed admitted, Fed. R. Civ. P. 36(a)(3).

On May 12, 2025, the United States filed the present motion for summary judgment along with a supporting memorandum.  (Docs. 7, 8.)  On the same day, copies of the motion and memorandum were

---

or seek forfeiture of the unpaid 2019 penalty in this action.

3

served to Welch via first class mail, along with a "Roseboro"[2] letter notifying him that failure to respond to this dispositive motion within 30 days might result in entry of an adverse judgment. (Doc. 7 at 3; Doc. 8 at 14; Doc. 9.)

Service of the present motion was completed upon mailing on May 12, 2025.  Fed. R. Civ. P. 5(b)(2)(C).  Welch's response was due within 30 days of service, that is, on June 11, 2025.  L.R. 56.1(d).  Because Welch has failed to respond timely, the motion is uncontested and ready for decision.  Id.

**II. ANALYSIS**

    **A.  Standard of Review**

Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 325 (1986).  For the purposes of this motion, the court draws all inferences in favor of Welch as the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Here, Welch has failed to respond to the United States's motion for summary judgment.  Under the court's Local Rule 7.3(k), "[t]he failure to file a brief or response within the time period specified in this rule shall constitute a waiver of the right

---

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

4

thereafter to file such brief or response, except upon a showing of excusable neglect."  Where there is such a failure, the rule provides further that "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  L.R. 7.3(k).

However, because even an unopposed dispositive motion must be supported by the record, the court must satisfy itself that the motion is warranted.  See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court 'must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'") (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993); accord Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005) ("As with summary judgment motions, a court does not grant a motion for dismissal merely because it is uncontested.  Rather, a district court should review a motion to dismiss on its merits to determine whether the pleadings are sufficient.").

   B.   **The United States' Motion for Summary Judgment**

The Packers and Stockyards Act provides that a dealer "shall, before the close of the next business day following the purchase of livestock . . . deliver to the seller or his duly authorized representative the full amount of the purchase price."  7 U.S.C.

5

§ 228b(a). The parties to a purchase can agree to postpone payment, but such agreement must be in writing. See id. § 228b(b). Any delay extending the period of payment is considered an "unfair practice" under the Packers and Stockyards Act. See id. §§ 228b(c), 213(a).

The Secretary of Agriculture may issue an order directing a dealer to cease and desist from unfair practices in violation of § 213. Id. § 213(b). Any dealer who knowingly fails to obey such an order shall forfeit to the United States a sum of $500 per offense, which may be recovered in a civil action. Id. § 215. Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, civil penalties are regularly adjusted for inflation. See 28 U.S.C. 2461 note (Federal Civil Penalties Inflation Adjustment); see also 7 C.F.R. § 3.91(a)(1)) (setting forth current adjusted penalties for violations of Title 7, United States Code).

During the period between May 1, 2020, and June 16, 2020, the effective adjusted penalty for each violation of 7 U.S.C. § 215 was $1,913. See Civil Monetary Penalty Inflation Adjustment for 2018, 83 Fed. Reg. 11129, 11132 (Mar. 14, 2018). On June 17, 2020, the adjusted penalty for each violation increased to $1,996. See Adjusted Civil Monetary Penalties, 85 Fed. Reg. 36670, 336688 (June 17, 2020).

Here, Welch was a "dealer" subject to the Packers and Stockyards Act during the period between May 1, 2020, and July 17,

6

2020.  (Doc. 8-4 at 4, ¶ 3.; see 7 U.S.C. § 201(d) ("The term 'dealer' means any person . . . engaged in the business of buying or selling in commerce livestock, either on his own account or as the employee or agent of the vendor or purchaser.").)  During that time, Welch failed to pay the purchase price of livestock before close of business on the following day on 30 separate occasions.  (Doc. 8-1 at 2-3, ¶ 8; Doc. 8-4 at 7-16, ¶¶ 17-29.)  In his answer, Welch represents that he had verbal agreements with the stockyards at the time of these purchases regarding the payments.  (Doc. 4 at 1.)  However, such agreements must be in writing to avoid liability.  7 U.S.C. § 228b(b).  Thus, the court finds that Welch failed to timely pay the purchase price of livestock on each of the 30 occasions alleged in the complaint, an unfair practice in violation of 7 U.S.C. §§ 228b and 213.

Welch was on notice of the 2016 Order and the 2019 Order, both of which ordered him to cease and desist from failing to timely pay the purchase price for livestock.  (See Doc. 8-2 at 2-3; Doc. 8-3 at 4; Doc. 8-4 at 6, ¶¶ 14-16.)  Thus, each untimely payment was also a violation of 7 U.S.C. § 215, insofar as Welch knowingly failed to obey the 2016 Order and the 2019 Order.  Of the 30 violations, 18 occurred prior to June 17, 2020, carrying an inflation-adjusted penalty of $1,913 per violation for a partial total of $34,434.  (Doc. 8-1 at 3, ¶ 11.)  The remaining 12 violations occurred on or after June 17, 2020, carrying an

7

inflation-adjusted penalty of $1,996 per violation for a partial total of $23,952 and a combined total of $58,386.  (Id.)

In sum, the undisputed facts show that Welch, a dealer subject to the Packers and Stockyards Act, knowingly failed to obey the USDA's orders to cease and desist from unfair practices on 30 occasions between May 1, 2020, and July 17, 2020, by failing to timely pay the full purchase price of livestock.

**III. CONCLUSION**

For the reasons stated, therefore,

IT IS ORDERED that Plaintiff United States of America's motion for summary judgment (Doc. 7) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff United States of America shall have and recover of Defendant Tommy Bradley Welch the sum of $58,386.00, plus costs.

A judgment will be entered contemporaneously with this order.

/s/   Thomas D. Schroeder<br>United States District Judge

January 9, 2026

8

Case 1:24-cv-01028-TDS-JLW    Document 11    Filed 01/09/26    Page 8 of 8